# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3125

_____

Wright Electric, Inc.,

        Petitioner,

        v.

National Labor Relations Board,

        Respondent.

\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

01-3460

_____

Wright Electric, Inc.,

        Respondent,

        v.

National Labor Relations Board,

        Petitioner.

\*
\*
\*
\*
\*
\*
\*
\*

Petition for Review of the
Supplemental Decision of the
National Labor Relations Board.

[UNPUBLISHED]

_____

Submitted:  June 12, 2002

Filed:  June 24, 2002

_____

Before BOWMAN, HEANEY, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Wright Electric, Inc. (Wright) seeks to overturn an order of the National Labor Relations Board (NLRB) requiring Wright to pay $5,132 in back pay to Louis Lutz (Lutz). On September 29, 2000, the NLRB filed a compliance specification alleging that Lutz was entitled to back pay for the period from May 9, 1994 though June 30, 1994 because he was unemployed as a result of Wright's discriminatory refusal to employ him as an electrician. Wright responded by asserting that Lutz was not entitled to back pay because he had not made a diligent effort to secure alternative employment during this period. Following a hearing, an administrative law judge (ALJ) ruled that Lutz's efforts to obtain employment from May 9, 1994 to June 30, 1994 were reasonable. Thereafter, Wright filed exceptions to the ALJ's decision. On August 9, 2001, a three-member panel of the NLRB adopted the ALJ's findings, conclusions, and rulings and ordered Wright to pay Lutz the sum of $5,132 plus interest.

Wright contends the NLRB's order is not supported by substantial evidence because the record showed Lutz failed to apply for a variety of electrician positions during the relevant period. In response, the NLRB argues that Lutz's efforts to secure employment were reasonable because he used his long-standing, highly successful method of finding work, which was to register on the union's out-of-work list on a monthly basis. Our review of the record shows there was substantial evidence to support the NLRB's determination that Lutz, by using his usual method, was able to find employment for the entire period from May 1994 to June 2000, except for the seven-week period challenged by Wright, and that Lutz otherwise made a reasonable effort to obtain employment for the entire period. The NLRB's order is enforced. See 8th Cir. R. 47B.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.